# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 04-366(1) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Jacob George Colbert, | |
| Defendant. | |

---

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jacob George Colbert, *Pro Se*, Defendant.

---

Defendant Jacob George Colbert has moved the Court, *pro se*, pursuant to 18 U.S.C. § 3582(c) for a sentencing reduction pursuant to the revised retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. The Government opposes Defendant's motion.

Based upon the presentations of the parties and the submissions before the Court, including a report from the Pretrial Services and Probation Office, and a response by the United States Attorney's Office; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Jacob George Colbert's motion for a reduction of sentence (Doc. No. [102]) is respectfully **DENIED**.

2. The attached memorandum is made a part hereof.

Dated: March 1, 2012            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge

**MEMORANDUM**

On April 13, 2005, the Defendant entered a plea of guilty to conspiracy to possess and distribute 50 grams or more of cocaine base. In so doing, the Defendant was held accountable for 127.7 grams of cocaine base. However, because the Defendant was deemed to be a career offender, his adjusted offense level was 34, and his criminal history category was VI. This resulted in a United States Sentencing Guidelines range of 262 to 327 months. On December 8, 2005, the Court sentenced the Defendant to a term of imprisonment of 235 months, which represented a slight variance downward.

Notably, on April 24, 2009, this Court denied the Defendant's first motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c) which was in response to amendments 706 and 711 to the Sentencing Guidelines. Of significance at that time was the fact that Defendant had originally been sentenced as a career offender and therefore he was not entitled to relief.

As noted by the Government, § 3582(c)(2) is clear in its meaning to the extent that a trial judge, once a sentence has been imposed, may not modify a sentence except when the guideline range has "subsequently been lowered by the Sentencing Commission" and only then "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The United States Sentencing Guidelines Commission's primary policy statement that relates to sentencing reductions can be found at USSG § 1B1.10. *United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994). Section 1B1.10(a) provides, in pertinent part:

> (1) In General.–In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation.–Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

An amendment may be applied retroactively only if it is expressly listed in § 1B1.10(c). USSG § 1B1.10(a)(2)(1); *United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994).

Admittedly, on November 1, 2011, there were additional crack guideline amendments that took effect. Amendment 750 reduced the base offense levels applicable for certain crack cocaine amounts as set forth in USSG § 2D1.1(c). Moreover, there is no question that amendment 759 made guideline amendment 750 retroactive. However, as was the case with the previous crack cocaine guideline amendments, the current amendments do not apply to or otherwise benefit career offenders because those guideline ranges for career offenders have not been reduced by operation of the amendments. The earlier amendments did not lower the sentencing range for career offenders under USSG § 4B1.1. The Eighth Circuit has had numerous occasions to so state. *See United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008) (per curiam); *see also United States v. Miranda*, 524 F.3d 840, 841 (8th Cir. 2008) (per curiam); *United States v. Clay*, 524 F.3d 877, 878 (8th Cir. 2008) (per curiam); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam).

The Defendant's original guideline range has not been changed because it was not based upon the base offense levels determined by USSG § 2D1.1. As noted above, the Defendant's original guideline range was determined by the career offender provisions of USSG § 4B1.1(b). Those provisions have not changed. Consequently, the Defendant's original guideline range has not changed.

Finally, Defendant has urged this Court to evaluate the 18 U.S.C. § 3553(a) factors in evaluating his motion and, in doing so, to reduce his sentence. The Court is without authority to do so because the Eighth Circuit has rejected this approach and argument on a number of occasions. *United States v. Starks*, 551 F.3d 839, 841-43 (8th Cir. 2009) (holding *Booker* decision not applicable to proceedings under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10).

For these reasons, the Court has respectfully denied the Defendant's motion for a modification of his sentence.

D.W.F.